## LEATHERS v. UNITED STATES.

### (District Court, N. D. Georgia. February 5, 1904.)

1. POST OFFICE—PROSECUTION FOR VIOLATION OF POSTAL LAWS—RIGHTS OF IN-FORMER UNDER REV. ST. § 4059.

    Rev. St. § 4059 [U. S. Comp. St. 1901, p. 2757], which provides that all penalties and forfeitures imposed for any violation of law affecting the post office department or its revenues or property "shall be recoverable, one-half to the use of the person informing and proscuting for the same and the other half to be paid into the treasury," has no application to criminal prosecutions for violation of the postal laws, so as to entitle a person giving information upon which such prosecutions are instituted to a share of money accepted by the government by way of compromise of the cases.

Suit under Rev. St. § 4059 [U. S. Comp. St. 1901, p. 2757].

    This is a suit brought by the plaintiff against the United States under section 4059, Rev. St. [U. S. Comp. St. 1901, p. 2757], which is as follows:

    "All penalties and forfeitures imposed for any violation of law affecting the post office department or its revenue or property shall be recoverable, one-half to the use of the person informing and prosecuting for the same, and the other half to be paid into the treasury for the use of the post office department, unless a different disposal is expressly prescribed. All fines collected for violations of such laws shall be paid into the treasury for the use of the post office department."

    He alleges in his declaration that William T. Head et al. conspired for the purpose of fraudulently establishing various small post offices in certain counties in the Northern District of Georgia, in violation of the postal laws of the United States, and for the sole purpose of cheating and defrauding the United States government; that in 1898 petitioner resided in Haralson county, and had personal knowledge of said conspiracy, and that he reported to the district attorney the said depredations committed on the government, and that they were referred to the chief inspector in charge at Chattanooga, Tenn.. for the purpose of investigation; that after considerable correspondence the inspector in charge detailed two post office inspectors to go to petitioner's house, and that when they came he furnished them the names of the persons engaged in the conspiracy, with the names of a large number of reputable witnesses by whom the conspiracy could be established; that, after thorough investigation by said post office inspectors, warrants were sued out against all the parties named, and they were arrested, and bound over by the United States commissioner, on the preliminary hearing, to the Circuit Court; and that at the October term, 1900, the grand jury returned a true bill against said defendants, charging them with wrongfully, unlawfully, fraudulently, and feloniously combining, confederating, and conspiring to commit an offense against the United States, to wit, violating an act making appropriations for the service of the post office department for the fiscal year ending June 30, 1879, and for other purposes, etc. Petitioner further alleges that it was entirely by his efforts that these acts were discovered committed by defendants in violation of the postal laws of the United States, and that the allegations in said indictment against the defendants were true, and that he attended the preliminary trial of said defendants at the time they were bound over by the United States commissioner, and that he also attended the grand jury as a witness at the term at which said indictments were returned by the grand jury, and every term of the court thereafter until "said cases had been disposed of by a compromise settlement; that, as the informer and prosecutor of said case, he was not consulted by any one regarding the compromise settlement had in said cases, neither did he have any knowledge of the compromise and settlement of said cases until after the same had been compromised." In paragraph 5 of plaintiff's declaration he refers to the amount paid by each of the defendants "as a compromise settlement of the charges preferred in the bill of indictment."

    To said declaration the government interposed the following demurrer:

    "And the said United States, as to the petition of the said P. K. Leathers

by him filed, says that the said petition, and the matters therein contained in manner and form as alleged, are not sufficient in law to entitle petitioner to recover on the allegations therein set out, and that the same set forth no cause of action.

"Said P. K. Leathers' petition is further defective in that, being brought under section 4059, Rev. St. [U. S. Comp. St. 1901, p. 2757], it does not allege that 'penalties and forfeitures were imposed for any violation of a law affecting the post-office department or its revenue.' The statute makes no provision for a division between the informer and the United States of payments made by way of compromise, but only of 'penalties and forfeitures imposed.'

"Plaintiff's declaration is further defective in that it does not allege that the parties concerning whom he furnished the information were convicted, and that a penalty or forfeiture was imposed by the court."

J. F. Methvin and R. I. O'Kelly, for petitioner.

E. A. Angier, U. S. Atty., and Geo. L. Bell and C. D. Camp, Asst. U. S. Attys.

NEWMAN, District Judge (after stating the facts as above). This is a suit brought under section 4059, Rev. St. [U. S. Comp. St. 1901, p. 2757]. I am perfectly clear that under the facts stated in the declaration there could be no recovery against the government. This section seems to contemplate a proceeding against violators of the law for matters affecting the post office department, in which there may be a recovery, one half for the use of the informer informing and prosecuting for the same, and the other half to be paid into the treasury. I do not see how, in any view of it, there could be a recovery against the government in a case where the facts are as alleged in this declaration.

There seems to be much force in the contention of the United States Attorney that this section 4059 refers to civil cases, because we would not use the language "shall be recoverable," ordinarily, in speaking of a criminal case or the imposition of a penalty in a criminal case. Construing this section 4059 in connection with section 409 [page 229], I am wholly unable to see any right of recovery in this action. Consequently the general demurrer interposed by the government will be sustained, and it is so ordered.